UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>CHARLES LEE JONES,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Charles Lee Jones' motion for assistance in filing a petition for writ of habeas corpus pursuant to the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (DE 1198.)

Defendant pled guilty to seven crimes related to the distribution of cocaine or cocaine base, all in violation of 21 U.S.C. §§ 841(a), 846. (DE 1032, Judgment.) Defendant's guideline calculation included his designation as a career offender under U.S.S.G. § 4B1.1. (DE 1043 at 6.) This Court also granted the Government's motion for a downward departure and sentenced Defendant to 168 months' imprisonment. (DE 1032, Judgment.)

In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). The Sixth Circuit recently applied *Johnson* to

strike down an identical residual clause in the United States Sentencing Guidelines. *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016)

Nonetheless, *Johnson* does not provide a source of relief for Defendant. An adult defendant convicted of a violent or drug-related felony may be determined to be a career offender under § 4B1.1 in two circumstances either if (1) the defendant has two prior controlled substance felony convictions, or if (2) the defendant has two prior violent felony convictions. U.S.S.G. § 4B1.1(b). As discussed above, *Johnson* and *Pawlak* only addressed the residual clause for *violent* felonies. In this case, Defendant's career offender status was based on his prior *controlled substance* felonies. (DE 1043 at 6.) Thus, *Johnson* is inapplicable to Defendant's case.

Accordingly, **IT IS ORDERED** that Defendant's motion for assistance in filing a petition for writ of habeas corpus pursuant to the Supreme Court's holding in *Johnson* (DE 1198) is **DENIED AS MOOT**.

Dated July 1, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY